UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELVIN WELLS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-731-SDD-RLB** |
| **DAVID DIVINCENTI, et al.** | |

## ORDER

Before the Court is a Motion to Compel filed by Mr. Wells on August 22, 2013 (R. Doc. 14).[1] The motion is opposed (R. Doc. 19). For the following reasons, the Motion to Compel is **DENIED**.

Mr. Wells seeks to compel Gardere Investment, Inc. and David DiVincenti (collectively, "Gardere") to answer interrogatories with a certificate of service dated August 19, 2013. (R. Doc. 14-1 at 13-14). Counsel for Gardere represent that they did not receive interrogatories until the Motion to Compel was filed on August 22, 2013. Regardless of which date Gardere received the interrogatories, the Motion to Compel must be denied.

First, unless authorized by stipulation or by court order, a party generally may not seek discovery before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Accordingly, because no discovery conference has occurred and no scheduling order has been entered, Mr. Wells' interrogatories were prematurely propounded and Gardere was not required to timely respond to the interrogatories. *See Joffrion v. Excel Maint. Servs., Inc.*, No. 11-528-BAJ-CN, 2011 WL 6003196 (M.D. La. Nov. 30, 2011).

Second, even assuming that Mr. Wells had waited until after the Rule 26(f) conference before serving the interrogatories, a party upon whom interrogatories have been served has thirty

---

[1] This document is also in part a response to a dispositive motion filed by the defendants. (R. Doc. 13). It will also be considered in the court's evaluation of that motion.

days to serve its answers and any objections. Fed. R. Civ. P. 33(b)(2). Mr. Wells filed his motion to compel before the thirty day period expired. The motion to compel is, therefore, prematurely filed. *Joffrion*, 2011 WL 6003196.

Third, Mr. Wells did not file a certification with his motion providing that prior to filing the motion he conferred, or attempted to confer, with Gardere in a good faith effort to resolve the discovery dispute without court intervention. *See* Fed. R. Civ. P. 37(a)(1). The motion to compel is, therefore, procedurally defective. *Joffrion*, 2011 WL 6003196.

**IT IS ORDERED** that the Motion to Compel (R. Doc. 14) is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 25, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**